# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

STANLEY J. KOWALEWSKI
and SJK INVESTMENT
MANAGEMENT, LLC,

        Defendants.

Civil Action No.: 1:11-cv-0056-TCB

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE
## WHY DEFENDANT STANLEY J. KOWALEWSKI SHOULD NOT BE
## HELD IN CIVIL CONTEMPT FOR FAILING TO COMPLY WITH
## THE COURT'S ORDERS FREEZING ASSETS

Plaintiff Securities and Exchange Commission ("Commission") respectfully

submits this memorandum in support of its application for an order to show cause

why defendant Stanley J. Kowalewski should not be held in civil contempt for

violation of this Court's January 6, 2011 order freezing assets.

First, on the morning of January 7, 2011, Kowalewski went to a branch of

First Citizens Bank in Greensboro, North Carolina and wrote a counter check on

his personal account in the amount of $100,000 which he used to purchase a

$100,000 cashier's check.  Kowalewski endorsed the cashier's check to his wife

who subsequently deposited it into an account at a Wachovia bank branch.  This

conduct is in plain violation of the Court's asset freeze.  Several days later and

well after the Court's TRO Order, Kowalewski persuaded the co-owner of a

business in which the SJK Special Opportunities Fund had invested to deliver to

Kowalewski two cashier's checks of $75,000 and $25,000.  Kowalewski then

used those checks to pay attorneys to represent him in this case.  Kowalewski

controlled these cashier's checks and, by sending them to his lawyers, violated this

Court's asset freeze.

### Facts

The Commission filed its Complaint for Emergency Injunctive and Other

Relief and its Emergency Motion for Temporary Restraining Order and Other

Equitable Relief on January 6, 2011.  On that date, the Court issued its Order

Granting Emergency Motion for Temporary Restraining Order imposing, among

other things, an asset freeze over "all assets of, or under the control of Defendants"

("TRO").  Counsel immediately faxed the TRO back to other staff at his office

who began serving the TRO on the defendants, their counsel and banks and other

institutions where the staff suspected assets might be located.

According to the Declaration of Michael J. Cates, dated March 17, 2011 (hereinafter "Cates, ¶ __") attached hereto as Exhibit A, the TRO was emailed to Kowalewski's attorney at the time, David L. Brown, at 4:34 pm on January 6th.[1] The TRO was also faxed to the court liaison officer of First Citizens Bank at 6:02 pm the same day.  Later, the TRO was faxed to SJK's offices at 7:01 pm.

The next morning, defendant Kowalewski went to a First Citizens' branch and wrote a counter check on his personal account in the amount of $100,000 (Exhibit B) which he used to purchase a $100,000 cashier's check payable to himself (Exhibit C).  That transaction, according to the records of First Citizens, was completed at 9:41 am on January 7, 2011, approximately 4 minutes before First Citizens froze Kowalewski's personal account.  Kowalewski endorsed the cashier's check to his wife, who apparently deposited it into an account at another bank. (Exhibit D)

Later on January 18 and 20, 2011 – 12 and 14 days after the entry of the asset freeze - Kowalewski directed a $75,000 cashier's check to his initial counsel in this matter and a $25,000 cashier's check to the New York law firm who later came in to represent him, respectively.  While Kowalewski had no direct control

---

[1]   The entire filing was emailed to Mr. Brown shortly after the case was filed and the staff left a voice mail message about the filing at that same time.  At no point in time has Mr. Brown

of the funds from which the cashier's checks were drawn, he did receive cashier's checks that he knew consisted of money that had been invested by the SJK Special Opportunities Fund into a business in which the Fund was a 50% owner. Upon information and belief, Kowalewski persuaded the manager of that business to obtain the two cashier's checks by telling the manager that the funds would be used to pay consulting firms for advice about the business. In fact, Kowalewski had possession and, hence, control of the cashier's checks and sent them to pay his attorneys. (Exhibit E)

The circumstantial evidence appears to show that Kowalewski had notice of the TRO freezing his assets before he went to the bank because he either saw it in his office when he came in that morning or learned it from his lawyer on the afternoon of January 6, 2011. Indeed, the very nature of his transaction on January 7, essentially writing a check to himself for $100,000 in cash, strongly suggests he had notice of the freeze and was willfully violating it.

Further, the asset freeze did not magically dissolve when Kowalewski walked out of the bank with the $100,000 cashier's check. Kowalewski at some point on January 7, 2011 inevitably learned that his assets were frozen.

---

ever challenged service of the TRO or state in any way that he had failed to receive the TRO on January 6.

Nonetheless, he proceeded to have those monies deposited into his wife's account in an effort to circumvent the TRO. This court should compel him to return the funds to the receiver estate.

Similarly, by January 18 and 20, when the $75,000 and $25,000 cashier's checks were delivered to him, Kowalewski undoubtedly knew about the asset freeze, yet he sent the cashier's checks in his possession to his attorneys. He should also be ordered to repay those funds.

### Argument

### I.    This Court has the Authority to Hold Kowalewski in Contempt

Courts have the inherent power to enforce compliance with their lawful orders by contempt. Young v. United States ex rel Vuitton Et Fils S.A., 481 U.S. 787, 795 (1987); Shillitani v. United States, 384 U.S. 364, 370 (1966).  This power is essential to the proper conduct of the judicial function, and without it, courts would be unable to assert their authority by order or decree. Young v. United States ex rel Vuitton Et File S.A., supra, 481 U.S. at 796; In re Williams, 306 F. Supp. 617, 618 (D.D.C. 1969). Congress codified the courts' contempt powers in 18 U.S.C. § 401, which states:

> A court of the United States shall have power to punish by fine
> or imprisonment, at its discretion, such contempt of its authority and
> no other, as –

. . . .

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

## II. Holding Kowalewski in Civil Contempt is Appropriate Based on His Violations of This Court's Orders Freezing Assets

A party commits contempt when he or she "violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." S.E.C. v. Resource Development Intern. LLC, 217 Fed. Appx. 296 (5th Cir. 2007); Whitfield v. Pennington, 832 F.2d 909, 913 (5th Cir. 1987), cert. denied sub nom, Pennington v. McLaughlin, 487 U.S. 1205 (1988); SEC v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981).

The Commission has the burden to show, by clear and convincing evidence:

(1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the defendant respondent failed to comply with the court's order.

S.E.C. v. Kenton Capital, Ltd., 983 F.Supp. 13, 16 (D. D.C. 1997) citing Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 401 (5th Cir. 1987); see Piambino v. Bestline Products, Inc., 645 F. Supp. 1210, 1216 (S.D. Fla. 1986) (this burden easily met when offending party admitted knowing of the order and failing to comply).

A party's willful intent to violate a court order need not be shown before a civil contempt sanction will be imposed. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Petroleos Mexicanos v. Crawford Enterprises, Inc., supra, 826 F.2d at 401. Indeed, "intent is not even an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with the court's order." Whitfield v. Penninqton, supra, 832 F.2d at 913; Jim Walter Resources, Inc. v. Int'l Union, United Mine Workers of America, 609 F.2d 165, 168 (5th Cir. 1960); Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990); see also, Chao v. Transocean Offshore, 5th Cir. 2002) ("Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order.").

The Commission's burden is easily met in this case. Kowalewski, his agents, attorneys, and those acting in concert with them were clearly enjoined from transferring any assets owned or controlled by Kowalewski (or by SJK Investment Management). The transfer of assets from Kowalewski's personal account at First Citizens to his wife reflects a transparent attempt to insulate fraudulently obtained assets from recovery attempts. Further, the nature of the second transfer itself, to attorneys,

bespeaks his clear knowledge of the case, the Court Order and his willful

violation of it.[2]

### III.  Kowalewski Should be Ordered to Replace the Funds Transferred in Violation of this Court's Order

Kowalewski should be made to replace the funds transferred in violation of

the Court's orders.  Such an order is clearly within the power of this court.  Civil

contempt, which the Commission seeks in this case, is a remedial device intended

to compel full compliance with a court order. Hicks v. Feiock, 485 U.S. 624, 633

(1988); Whitfield v. Pennington, supra, 832 F.2d at 913; Petroleos Mexicanos v.

Crawford Enterprises, Inc., supra, 826 F.2d at 400; Southern Railway Co. v.

Lanham, 403 F.2d 119, 124 (5th Cir. 1968); Nasco, Inc. v. Calcasieu Television &

Radio, Inc., 583 F. Supp. 115, 119 (W.D. La. 1984).  If the funds are not replaced,

the Court has broad discretion in designing a coercive contempt remedy that will

bring about compliance with its order.  Perfect Fit Industries, Inc. v. Acme

Quilting Co., 673 F.2d 53, 57 (2d Cir.) cert. denied 459 U.S. 832 (1982). This

discretion may include incarceration pending compliance.  S.E.C. v. Kenton

Capital, Ltd., 983 F.Supp. at 18 (finding defendant in civil contempt and ordering

issuance of warrant for arrest upon failure to timely comply with order); Shillitani

---

[2]     The deposition of Ms. Kowalewski has been scheduled for April 1, 2011.  Plaintiff will

v. United States, supra, 384 U.S. at 370-72; Penfield Co. of California v. SEC, 330

U.S. 585, 594 (1947); In re Dinnan, 625 F.2d 1146, 1149 (5th Cir. 1980); Nasco,

Inc. v. Calcasieu Television & Radio, Inc., supra, 583 F. Supp. at 121.

The sanctions imposed in civil contempt proceedings ordinarily are

conditional, and the contemnor may avoid the sanctions by complying with the

order. Hicks v. Feiock, 485 U.S. at 632-34; Shillitani v. United States, 384 U.S. at

368; Penfield Co. of California v. SEC, supra, 330 U.S. at 590 (1947).[3]

### Conclusion

For the foregoing reasons, the Commission respectfully requests that this

Court Order defendant Kowalewski to show cause why he should not be held in

civil contempt for his violations of this Court's orders freezing assets, order him to

replace those assets, and impose those sanctions the Court deems necessary should

he fail to comply with the Court's order.

Dated: March 18, 2011                    Respectfully submitted,

                                         /S/ Alex Rue
                                         James Alexander Rue
                                         Georgia Bar No. 618950
                                         One of Counsel for Plaintiff

---

provide witnessses and declarations supporting the other transfers at any hearing on this matter.

[3] There are two classes of proceedings for contempt -- civil and criminal. Where an order of contempt imposes conditional incarceration for the purpose of compelling defendants to obey a court order, the defendants carry "the keys of their prison in their own pockets* and the sanction is viewed as a civil remedy. Shillitani v. United States, supra, 384 U.S. at 368; Penfield Co. of California v. SEC, supra, 330 U.S. at 590.

SECURITIES AND EXCHANGE
COMMISSION
3475 Lenox Road, N.E. Suite 500
Atlanta, Georgia 30326

Paul T. Kim
Senior Trial Counsel
Georgia Bar. No. 418841
Email: kimpau@sec.gov

CERTIFICATE OF SERVICE[4]

This is to certify that on March 17, 2011, I electronically filed the foregoing application and memorandum with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Thomas R. Todd, Jr.
Office of Thomas R. Todd, Jr.
P.O. Box 88519
Atlanta, GA 30356 404-630-7100
Email: trtoddjr@ttoddlaw.com

J. David Dantzler, Jr.
Troutman Sanders, LLP-ATL
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
404-885-3314
Fax: 404-962-6799
Email: David.Dantzler@troutmansanders.com

Lena Amanti U.S. Attorney's Office-ATL
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta,GA 30303
404-581-6225
Fax: 404-581-6263
Email: lena.amanti@usdoj.gov

---

[4] I also certify that this document is printed in Times New Roman font, size 14, and does not contain more than ten characters per inch.

Charles R. Burnett
Troutman Sanders, LLP-ATL
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216 404-885-3000
Email: charles.burnett@troutmansanders.com

Thomas B. Bosch
Troutman Sanders, LLP-ATL
Suite 5200
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
404-885-3591
Fax: 404-962-6727
Email: tom.bosch@troutmansanders.com


I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Kimberly E. Neureiter
Pension Benefit Guaranty Corporation
Office of the General Counsel
1200 K Street, N.W. Suite 340
Washington, DC 20005 202-326-4020

# EXHIBIT A

### Declaration of Michael J. Cates

I, Michael J. Cates, pursuant to 28 U.S.C. § 1756, do hereby declare:

1.      I am attorney with the Securities and Exchange Commission and counsel for the plaintiff in *Securities and Exchange Commission v. Kowalewski, et al.*, 1:11-cv-00056-TCB (N.D. Ga.).

2.      I transmitted the January 6, 2010 Temporary Restraining Order and Order Freezing Assets (the "Order"), among other ways, as follows:

- I electronically mailed the Order to David L. Brown of Pinot Coates Kyre & Brown PLLC, then-counsel for Stanley J. Kowalewski and SJK Investment Management, LLC.   I received delivery confirmation at 4:34 p.m. on January 6, 2010.

- I faxed the Order to SJK's place of business.   I received delivery confirmation at 7:01 p.m. on January 6, 2010.

- I faxed the Order to Gustavo A. Schmidt, Manager, Court Liaison Officer, First Citizen Bank.  I received delivery confirmation at 6:02 p.m. on January 6, 2010.

3.      True and correct copies of the confirmations referenced in paragraph 2 are attached hereto as Exhibit A.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this *17th* day of March 2011.

Michael J. Cates

**Cates, Michael J.**

| | |
|---|---|
| **From:** | Postmaster |
| **Sent:** | Thursday, January 06, 2011 4:34 PM |
| **To:** | Cates, Michael J. |
| **Subject:** | Delivery Status Notification (Relay) |
| **Attachments:** | ATT370903.txt; SJK Signed Order |

This is an automatically generated Delivery Status Notification.

Your message has been successfully relayed to the following recipients, but the requested delivery status notifications may not be generated by the destination.

DBrown@pckb-law.com

1

01/06/2011 18:05 FAX 4048427666     SEC ARO ENFORCEMENT

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                   1650
DESTINATION TEL #          19197167074       - First Citizens
DESTINATION ID                                 Bank
ST. TIME                   01/06 18:02
TIME USE                   02'58
PAGES SENT                 11
RESULT                     OK
```



**U.S. SECURITIES AND EXCHANGE COMMISSION**
**ATLANTA REGIONAL OFFICE**
**3475 Lenox Road, N.E. Suite 500**
**Atlanta, GA 30326-1232**

Telephone (404) 842-7678
Facsimile (404) 842-7666

MICHAEL J. CATES
Attorney, Division of Enforcement

January 6, 2011

**VIA FAX (919-716-7074) and UPS**

Gus Schmidt
First Citizens Bank
100 E. Tryon Rd
Raleigh, NC 27603

Re:   *SEC v. Stanley J. Kowalewski, et al.*, No. 1:11-cv-0056 (N.D. Ga.)

Dear Mr. Schmidt:

Please find enclosed an order entered by the United States District Court for the Northern District of Georgia on January 6, 2011. The order, among other things, imposes an immediate freeze of assets held by or on behalf of Stanley J. Kowalewski, SJK Investment Management, LLC, or the "Kowalewski Funds," as defined in the order. This freeze applies, but is not limited to, the following accounts at your institution:   Account No. 000627183939, Account No. 000621637717, and Account No. 000621643842.

If you have any questions or wish to discuss this matter further, please feel free to contact me at (404) 842-7678.

Regards,

Michael J. Cates

01/06/2011 19:05 FAX  4048427668          SEC ARD ENFORCEMENT

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO                1652
DESTINATION TEL #       13362855343       - SJK Offices
DESTINATION ID
ST. TIME                01/06 19:01
TIME USE                03'27
PAGES SENT              10
RESULT                 OK
```

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 0 6 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 6 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

SECURITIES AND EXCHANGE
COMMISSION,

              **Plaintiff,**

        v.

**STANLEY J. KOWALEWSKI
and SJK INVESTMENT
MANAGEMENT, LLC,**

              **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.

**1 : 11-CV-005 6**

**TCB**

**ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING
ORDER, ORDER FREEZING ASSETS, ORDER REQUIRING AN
ACCOUNTING, ORDER PROHIBITING DESTRUCTION OF
DOCUMENTS AND ORDER EXPEDITING DISCOVERY**

Upon the Motion of the Plaintiff Securities and Exchange Commission

("Commission"), upon the Certification of the Commission submitted pursuant to

Rule 65(b) of the Federal Rules of Civil Procedure, and upon the Complaint in this

# EXHIBIT B

Name (Print) Stan Kowalewski

HARLAND CLARKE 1-800-354-1850 2562.7578 (ED 10 0000)

**893747**

Account No. *000627183939   DATE 1-7-11

63-100/614

PAY TO THE ORDER OF   Cash     $ 100,000.⁰⁰

One hundred thousand and no/100 ———————— DOLLARS

**First Citizens Bank**

FOR _____   St K

⑈893747⑈ ⑆053100300⑆           94

| Item Amount | Posting Date | Item Serial | Item R/T | Item Type | Item Account | Item Sequence |
|---|---|---|---|---|---|---|
| $100,000.00 | 2011-01-07 | 893747 | 5310030 | On-Us Debit Low Speed | 0627183939 | 6200474768 |

# EXHIBIT C

## Cashier's Check

**First Citizens Bank**

First-Citizens Bank & Trust Company
Raleigh, North Carolina

66-30/531  Branch No. ___ 071

08061023

January 07, 2011
Date _____

Pay to the
order of  Stanley Kowalewski********************************************

$  $100,000.00

**One Hundred  Thousand  Dollars and 00/100**

Dollars

Notice to Customer:
The purchase of an Indemnity Bond or an Insurance Bond will be required before an official check of this bank will be replaced or refunded in the event it is lost, misplaced or stolen.

**P.O.D. COPY**
**NON-NEGOTIABLE**

Remitter _____
Stanley Kowalewski

DS-10050R (1206)

01/07/11  07100B  001B Cashier's Check
Amount: $100,000.00

⑈08061023⑈ ⑆531600100⑆ 980199499 0⑈

| Account Number | Posting Date | Amount | Serial Number | Source | Type | Status | Sequence Number |
|---|---|---|---|---|---|---|---|
| 9801984980 | 2011-01-07 | $100,000.00 | 8061023 | Check | Credit | Posted | 00000000006200474767 |

# EXHIBIT D



THIS DOCUMENT HAS A VOID BACKGROUND • MICROPRINT BORDERS AND SIGNATURE LINE • WATERMARK ON BACK. HOLD UP TO LIGHT TO VIEW.

**Cashier's Check**

**First Citizens Bank**

First-Citizens Bank & Trust Company
Raleigh, North Carolina

66-30/531    Branch No. _____  071

**08061023**

Date  **January 07, 2011**

Pay to the order of   **Stanley Kowalewski**••••••••••••••••••••••••••••••••••••••••••••

$  **$100,000.00**

99 H ≠ ?? ·· **100000 ·· 00** ·· ·       **Dollars**

Notice To Consumers
The purchase of an Indemnity Bond or an Insurance Bond will be required before an official check of this bank will be replaced or refunded in the event it is lost, misplaced or stolen.

**Stanley Kowalewski**

Remitter

05-10050R (12/06)

930456   04FCM011536

⑈08061023⑈ ⑆053100300⑈9801994990⑈

| Account Number | Posting Date | Amount | Serial Number | Sequence Number | Type | Status | Description |
|---|---|---|---|---|---|---|---|
| 9801994990 | 2011-01-12 | $100,000.00 | 8061023 | 00000000005600098498 | Debit | Posted | |

# EXHIBIT E

REGISTER COPY
**OFFICIAL CHECK**

00056517

PURCHASED BY JAMES CARPENTER

DATE ___01/18/2011___

PAYABLE TO

SCHIFF HARDIN LLP

$ $75,000.00

**Seventy Five Thousand and 00/100********************************** DOLLARS

NEWBRIDGE
BANK
Your Way Forward

NON NEGOTIABLE

⑆000565l7⑆ ⑆053l0987?l⑆ 005l900548⑆ 20

REGISTER COPY
**OFFICIAL CHECK**

00056519

PURCHASED BY JAMES CARPENTER

PAYABLE TO

TANNENBAUM-HELPERN SYRACUSE & HIRSCHTRITT LLP

DATE       01/20/2011

**$25,000.00**

xxTwenty Five Thousand and 00/100xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxDOLLARS

NEWBRIDGE
BANK
*Your Way Forward*

**NON NEGOTIABLE**

⑈"00056519"⑈ ⑆:053⑈0987⑈": 0051900054B⑈"       20