IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : : : : : : v. : : STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC, : : : : : : : | Civil Action No.: 1:11-cv-0056 |

**PLAINTIFF'S EMERGENCY
SECOND APPLICATION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANT STANLEY J. KOWALEWSKI SHOULD NOT BE
HELD IN CIVIL CONTEMPT FOR FAILING TO COMPLY WITH
THE COURT'S ORDERS FREEZING ASSETS**

Plaintiff Securities and Exchange Commission ("Commission") respectfully asks the Court to issue an order to show cause why Defendant Stanley J. Kowalewski should not be held in civil contempt for his violations of this Court's January 6, 2011 order freezing assets. On August 26, 2011, the Receiver learned that Defendant Kowalewski had canceled his homeowner's insurance on his residence at 5802 Henson Farm Road, Summerfield, NC 27358, effective August

1

24, 2011, and had abandoned the residence. Later that day, neighbors of Kowalewski telephoned the Receiver's office to report that Kowalewski had held several "estate sales" at the property, including one to be held the next day. In connection with those sales, neighbors observed items being removed from the property that are customarily thought to belong with the real estate, like light fixtures, kitchen cabinets and doors. An investigator hired by the Receiver, Mark Scott of Risk Management Associates, Inc. in Raleigh, visited the Kowalewski house on Saturday, August 27th, and observed that:

> There were no floor cabinets or normal household pictures, photos, wall mounted cabinetry or light fixtures observed at any point throughout the residence. As I walked the perimeter of the residence I observed no exterior light fixtures although the electrical junction boxes associated with external fixtures were in place with electrical wires protruding from the junction boxes. At the rear of the residence, there is a two level deck with screened in porches. The door to the lower level had been removed and was nowhere in sight. There is a pool and Jacuzzi located in the back yard next to the lake frontage. There was no furniture of any sort observed and both the pool and Jacuzzi were filled with yard debris and filthy. Through windows I could observe that a portion of the interior wall electrical outlets had the cover plates removed exposing electrical wiring. I observed torn sections on a portion of the interior's wall paper coverings and scraping into the walls gypsum. The floors were a combination of hardwood and carpet and appeared to be dirty and in poor condition.

No doubt personal property belonging to Kowalewski was also sold but any such sales are *de minimus*. The Receiver will substantiate the damage from these sales

as soon as possible.[1] It is an emergency to determine what is missing from the home before it is too late and no more proceeds can be returned to the Receiver.

Plaintiff asks the Court to consider its application on an emergency basis. Kowalewski's conduct is egregious. His contempt of this Court's freeze order this second time is demonstrated by the looting of the house of fixtures, light fixtures, doors, kitchen cabinets and other items, the full extent of which is yet to be determined.  These items must be replaced in this high-end home before the Receiver can sell it for anything approaching fair market value.  Moreover, Kowalewski's conduct has increased the legal fees and management costs of the Receivership.  Unless Kowalewski is called to account for the items sold and amounts received very quickly, any chance to recover money or property from him and/or others will not be practical.  There is no predicting what further damage he may cause.

---

[1]     An attorney for the builder who completed the property reports that the interior fixtures of the Kowalewski home cost at least $175,000 and would be even more expensive to replace.

WHEREFORE, the Commission respectfully requests that this Court order defendant Kowalewski to show cause at an emergency hearing why he should not be held in civil contempt for his violations of this Court's orders freezing assets, order him to produce an accounting for the sales of those assets, return to the Receivership Estate all compensation he received from their sale, repay the Receiver for the cost of replacing the home into marketable condition and impose such other sanctions the Court deems necessary should he fail to comply with the Court's order.

Dated: August 29, 2011

        Respectfully submitted,

        /S/ Alex Rue_____
        Alex Rue
        Senior Trial Counsel
        Georgia Bar No. 618950
        Counsel for Plaintiff
        Securities and Exchange Commission
        3475 Lenox Road, N.E., Suite 1000
        Atlanta, Georgia 30326-1232
        Tel: (404) 842-7616 (Rue)
        Fax: (404) 842-7679
        E-mail:   Ruea@sec.gov

CERTIFICATE OF SERVICE[2]

This is to certify that on August 29, 2011, I electronically filed the foregoing application and memorandum with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to the following attorneys of record.

        /S/ Alex Rue
Alex Rue
Georgia Bar No. 618950
Counsel for Plaintiff
U.S. Securities and Exchange Commission
3475 Lenox Road, N.E. Suite 1000
Atlanta, Georgia  30326-1232
Telephone: (404) 842-7616

---

[2] I also certify that this document is printed in Times New Roman font, size 14, and does not contain more than ten characters per inch.