# ITEM 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>vs.<br><br>STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC<br><br>     Defendants. | CIVIL ACTION NO. 1:11-cv-0056-TCB |

## DECLARATION OF RECEIVER, S. GREGORY HAYS

S. Gregory Hays, under penalty of perjury, declares and testifies as follows:

1.     Pursuant to Orders entered in this action on February 2, 2011 and March 8, 2011 ("Receiver Orders"), I am the Receiver for Defendants Stanley J. Kowalewski ("Kowalewski"), SJK Investment Management, LLC ("SJK"), the SJK Special Opportunities Fund, LP ("SOF"), and all of their assets (collectively, the "Receiver Estate").

2.     I have personal knowledge of the facts set forth in this Declaration.

2308250v3

3.      As more fully set forth of the Receiver's First Interim Report filed in this case on March 3, 2011, 2011 and several less formal written updates to investors, I have, among other things, marshaled the assets of the Receiver Estate.

4.      Among the assets of the Receiver Estate is principal residence of the Kowaleski family located 5802 Henson Farms Road, Summerfield, N.C. ("the Henson Farms House"). The Henson Farms House is jointly titled in the names of Kowalewski and his wife, Traci. The Kowalewskis purchased the property from the Special Opportunities Fund, a purported investment vehicle for the SJK Funds, on October 21, 2010 for $2,900,000. As indicated in the First Interim Report, the purchase was funded with the proceeds of the investment offerings at issue in this case. At the time of my appointment as Receiver, there were no outstanding liens against the property, and we have filed notices of the receivership in North Carolina.

5.      As provided for in the Receiver Orders, the Kowalewskis continued to reside in the Henson Farms House after my appointment as Receiver.

6.      Since the very early stages of this receivership, my counsel has made clear to Mrs. Kowalewski and her counsel that, under the circumstances, we believe that Mrs. Kowalewski's purported interest in the Henson Farms House is

impressed with a constructive trust and that the entire house, along with many of its furnishings, are assets of the Receiver Estate.

7.     On Thursday, August 25, 2011, I learned that Kowalewski had cancelled his automobile insurance.  Upon learning of the cancellation of the automobile insurance, my staff and I contacted the insurance agent and confirmed that in addition to the automobile policy, Kowalewski had also instructed them to cancel the home owners' insurance on the Henson Farms House.  At the time of these communications, the insurance agent had not processed the cancelation request for the homeowners' insurance policy.  We instructed the agent not to cancel the homeowners' insurance, and it remains in place.

8.     In the course of the conversations with the insurance agent, we learned that the Kowalewskis had indicated that they were vacating the Henson Farms House and had provided a forwarding address in Pawley's Island, South Carolina.  Neither the Kowalewskis nor their counsel informed me that the Kowalewkis were actually vacating the premises or that Kowalewsk had directed their insurance agent to cancel the home owners' insurance.

9.     On the afternoon of Friday, August 26, 2011, a member of my staff received a telephone call from one of the Kowalewskis' neighbors, who informed him that the Kowalewskis had been conducting "estate sales" over several

weekends, had a full sized moving truck at the Henson Farms House on a separate weekend and that they had apparently sold light fixtures and other items normally thought to belong to the house.

10.     Later in the afternoon of Friday, August, 26, 2011, I received a telephone call from one of the Kowalewskis' neighbors, who provided similar information regarding the Kowalewskis' "estate sales" and that another one was scheduled for the following day, Saturday, August 27, 2011.  The neighbor told me that in addition to furniture, it appeared that lighting, cabinets and other fixtures were being sold.  Upon learning this information, I immediately informed my counsel, as well as counsel for the Securities and Exchange Commission.

11.     At approximately 3:00 p.m. on Friday, August 26th, my counsel sent an e-mail to counsel for both Stanley Kowalewski and Traci Kowalewski informing them that we had learned of these sales and demanding that the sale scheduled for August 27th not go forward.  Having received no response and having become more concerned that the Henson Farms House was being stripped of fixtures, my counsel sent another e-mail to the Kowalewskis' counsel at approximately 7:00 p.m. on August 27th.

12.     Having received no response or assurance that the scheduled sale would not proceed, I retained Mark Scott, a North Carolina private investigator, on Saturday, August 27, 2011.

13.     Mr. Scott traveled to the Henson Farms House on the afternoon Saturday, August 27, 2011.  No one was at the property at the time of Mr. Scott's visit, but he was able to observe the exterior of the property, look through windows and speak briefly with one of the Kowalewskis' neighbors.  Mr. Scott provided me with a written report and photographs, which confirmed the following:

      a.     The Henson Farms House has been vacated.

      b.     Very little furniture remains in the Henson Farms House.

      c.     "Estate sales" had been conducted at the property on several weekends.

      d.     Light fixtures, cabinets and at least one door had been removed from the Henson Farms House.

A copy of Mr. Scott's written report – with personal identifying information redacted – is attached to this Declaration as Exhibit "A."

14.     Prior to receiving the telephone call on Friday, August 26th, I was not aware that the Kowalewskis were removing or selling furniture and fixtures located at the Henson Farms House.

15.     Neither the Kowalewskis nor their counsel have ever raised the possibility or occurrence of:

      a.    cancelling homeowners' insurance on the Henson Farms House;

      b.    removing furniture and fixtures from the Henson Farms House without consulting me or my counsel; or,

      c.    selling furniture and fixtures located at the Henson Farms House.

16.     I have not given permission to anyone, including the Kowalewskis, to remove or sell furniture and fixtures located at the Henson Farms House.

17.     This circumstance is especially troubling in light of the provisions of the Receivership Order(s) and the fact that, through counsel, we have been in regular contact and discussion with the Kowalewskis regarding resolution of various issues related to the Receiver Estate, including their continued habitation of, and the Receiver's desire to sell, the Henson Farms House.

18.     On Sunday, August 28, 2011, my counsel sent an e-mail to counsel for each of the Kowalewskis demanding an accounting of all furniture, fixtures and other assets removed from the Henson Farms House, along with the proceeds of the sales of any such assets.

19.    We are working expeditiously to determine the full extent of the damage to the Henson Farms House and will supplement this declaration as appropriate.

This is the end of my Declaration, this 29th day of August, 2011.

S. Gregory Hays, Receiver

Greg;

Here is a brief summary of my visit earlier today to the residence of Mr. Stanley J. Kowalewski located at 5802 Henson Farm Road in Summerfield NC, 27358. This residence is located in northern Guilford County in an upper scale residential subdivision. The residence is a two story brick veneer, 4 car garage dwelling located on a small lake with waterfront footage. I arrived at the residence at 12:50 PM this date (8-27-11) and found no vehicles or persons at the residence. I observed the residence on all sides and through plain view from exterior windows and glass doors. The only furniture I observed at the residence was a piano, a glass door china cabinet, a dining room table and chairs. The table had a small post-it type piece of paper affixed to the top. I could not read the writing on this paper. There were no floor cabinets or normal household pictures, photos, wall mounted cabinetry or light fixtures observed at any point throughout the residence. As I walked the perimeter of the residence I observed no exterior light fixtures although the electrical junction boxes associated with external fixtures were in place with electrical wires protruding from the junction boxes. At the rear of the residence, there is a two level deck with screened in porches. The door to the lower level had been removed and was nowhere in sight. There is a pool and Jacuzzi located in the back yard next to the lake frontage. There was no furniture of any sort observed and both the pool and Jacuzzi were filled with yard debris and filthy. Through windows I could observe that a portion of the interior wall electrical outlets had the cover plates removed exposing electrical wiring. I observed torn sections on a portion of the interior's wall paper coverings and scraping into the walls gypsum. The floors were a combination of hardwood and carpet and appeared to be dirty and in poor condition. The lawn appeared to be freshly mowed and a small folding table was lying in the front yard.

I attempted to speak with neighbors in the immediate area and only located one resident at home. His name is ███████████████████                          ████████████. He stated he had personally ████████████          ██████████████████████ observed an estate sale being held at the Kowalewski for the past 4 weekends and has also observed U-Haul type trailers leaving the residence in the same time period. He stated that his immediate neighbor had told him that the Kowalewski residence was in receivership, but was hosting an estate sale. This neighbor (name unknown) had stated that the sale was supposedly unauthorized as it was in receivership. This neighbor stated she had observed flyers that had been printed advertising the sale. She may possibly still have one of these flyers in her possession according to ███████████

████████████ was currently involved in family matters and agreed to speak with the investigator at a more convenient time in the following week.

The following photos were taken on 8-27-11 of the residence at 5802 Henson Farm Road.

I plan on returning to the neighborhood Monday, August 29th, 2011 and conducting interviews with neighborhood residents.



























Please feel free to contact me at your convenience with questions, comments or concerns.

Mark Scott, CFE, CFI
Risk Management Associates, Inc.
4000 WestChase Boulevard
Suite 350
Raleigh, NC  27607

markscott@rtmc.net
Cell-919-801-8627
Telephone - (919) 834-8584
Fax - (919) 834-8150

