IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

STANLEY J. KOWALEWSKI
and SJK INVESTMENT
MANAGEMENT, LLC,

        Defendants.

Civil Action No.: 1:11-cv-0056-TCB

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S EMERGENCY SECOND APPLICATION FOR AN
ORDER TO SHOW CAUSE WHY DEFENDANT STANLEY J.
KOWALEWSKI SHOULD NOT BE HELD IN CIVIL CONTEMPT
FOR FAILING TO COMPLY WITH
<u>THE COURT'S ORDERS FREEZING ASSETS</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this emergency second application for an order to show cause why defendant Stanley J. Kowalewski should not be held in civil contempt for violating this Court's January 6, 2011 order freezing his assets, which order was extended by the Court on June 29, 2011 [Dkt 5, 101].

The situation is simple: Kowalewski's assets are frozen per the

1

Court's Orders. He breached the asset freeze earlier when he earlier took $200,000 from his accounts in violation of the freeze. [Dkt. 79] Kowalewski has now violated the Court Orders again by removing and selling fixtures that are a part of a house covered by the asset freeze, 5802 Henson Farm Road, Summerfield, NC 27358.

Starting as early as late July 2011, Kowalewski held at least three "estate sales" at the property through at least August 27, 2011.[1] At the sales, Kowalewski sold parts of the house, including kitchen appliances and cabinets, expensive light fixtures, interior doors and bathroom fixtures.

The full extent of the loss of property and resulting damage is not yet fully known. The cost to the Receivership to replace whatever fixtures have been removed, repair the house from the damage caused to it, and otherwise ready it for sale are likely far greater than the cash Kowalewski got from their sale. And the fact that the Receiver has needed to investigate these sales has also significantly increased the fees to the Receivership.

---

[1] At those sales, he sold furniture that was also likely part of the Receivership Estate.

This is an emergency because Kowalewski must be compelled to return what he has removed from the house in violation of the Court's Orders before the money is spent, memories fade and the property is lost. This matter needs to be decided quickly in order to document the sales, the buyers, the proceeds and recover whatever funds have not been spent. Equally important, Kowalewski must be stopped from any further sales or destruction of the house or further violations of the Courts Orders.

Based on these violations,[2] the Commission requests that the Court consider this matter on an emergency basis, determine that Kowalewski has once more violated the Court's Orders and compel him:

1. To provide an accounting of all the sales he made, including identification of the assets sold, the buyer's names, contact information, and amount received for all items sold;

2. To return to the receivership all money received from any sales; and

---

[2] The Receiver will notify the Court pursuant to the Receivership Order [Dkt. 37] regarding the magnitude of the damage that has been done as soon as reliable evidence is available.

>   3. To pay to the Receiver all amounts necessary to restore the Henson Farm Road property into marketable condition based on reasonable estimates to be determined by the Receiver.

### Facts

The Commission filed its Complaint for Emergency Injunctive and Other Relief and its Emergency Motion for Temporary Restraining Order and Other Equitable Relief on January 6, 2011 [Dkt. 1]. On that date, the Court issued its Order Granting Emergency Motion for Temporary Restraining Order imposing, among other things, an asset freeze over "all assets of, or under the control of Defendants" ("TRO")[Dkt. 5]. The asset freeze and other relief ordered in the TRO have and continue to remain in effect. [Dkt 101, Section IV]

On Friday, August 26th, the Receiver learned that Kowalewski had cancelled homeowner's insurance on his 5802 Henson Farms Road residence effective August 24, 2011, and had apparently moved to Pawley's Island, South Carolina. As set forth in the initial complaint and emergency papers filed on January 6, 2011, the Henson Farms Road home was previously purchased by the Special Opportunities Fund (for over $1 million more than Kowalewski paid for it), and subsequently "sold" back to the fund

by Kowalewski using money he had wrongfully taken from it. [Dkt 1, ¶¶ 45, 46, 54-55]. Kowalewski provided no notice to the Receiver that he was cancelling the home owner's insurance or abandoning the home.

Later that day, neighbors near the Henson Farm Road home telephoned the Receiver and reported that Kowalewski had held at least three "estate sales" at the property. These neighbors reported that property, such as light fixtures, cabinets and doors had been removed from the property, and they were concerned that the house might become a "blight" on the neighborhood.

In response to these reports, the Receiver sent an investigator to the property on Saturday, August 27, 2011. His report is attached to the declaration of the Receiver, S. Gregory Hays, dated August 28, 2011, which is attached hereto as Item 1 ("Hays Declaration").

The investigator observed that:

> Here is a brief summary of my visit earlier today to the residence of Mr. Stanley J. Kowalewski located at 5802 Henson Farm Road in Summerfield NC, 27358. This residence is located in northern Guilford County in an upper scale residential subdivision. The residence is a two story brick veneer, 4 car garage dwelling located on a small lake with waterfront footage. I arrived at the residence at 12:50 PM this date (8-27-11) and found no vehicles or persons at the residence. I observed the residence on all sides and through plain view from exterior windows and glass doors. The only

furniture I observed at the residence was a piano, a glass door china cabinet, a dining room table and chairs. The table had a small post-it type piece of paper affixed to the top. I could not read the writing on this paper. There were no floor cabinets or normal household pictures, photos, **wall mounted cabinetry or light fixtures** observed at any point throughout the residence. As I walked the perimeter of the residence I observed **no exterior light fixtures although the electrical junction boxes associated with external fixtures were in place with electrical wires protruding from the junction boxes**. At the rear of the residence, there is a two level deck with screened in porches. **The door to the lower level had been removed** and was nowhere in sight. There is a pool and Jacuzzi located in the back yard next to the lake frontage. There was no furniture of any sort observed and both the pool and Jacuzzi were filled with yard debris and filthy. Through windows I could observe that a **portion of the interior wall electrical outlets had the cover plates removed exposing electrical wiring. I observed torn sections on a portion of the interior's wall paper coverings and scraping into the walls gypsum.** The floors were a combination of hardwood and carpet and appeared to be dirty and in poor condition. (<u>See</u> <u>also</u> the pictures attached to Mr. Scott's report).

Mr. Scott's report confirms what the neighbors have said: fixtures customarily thought to be part of a house have been removed from the Henson Farm Road property, including interior and exterior light fixtures, cabinets and at least one door. For example:



The magnitude of the problem appears to be significant but has not yet been finally determined. However, as set forth in an email from counsel for the builder who completed the home, Combs, Inc., that is attached hereto as Item 2, the fistures in the house are worth at least $176,000, and would likely cost much more to replace.  If the reports of damage are correct, the Henson Farm Road property will require significant restoration and repair.[3]

---

[3]    Attached hereto as Item 2 is an email from counsel for the builder who completed the home, Combs, Inc.  That letter demonstrates that the allowance for interior fixtures in the home was $176,027.36.  According to

7

**Argument**

**I.      This Court Has the Authority to Hold Kowalewski in Contempt.**

Courts have the inherent power to enforce compliance with their lawful orders by contempt. Young v. United States ex rel Vuitton Et Fils S.A., 481 U.S. 787, 795 (1987); Shillitani v. United States, 384 U.S. 364, 370 (1966). This power is essential to the proper conduct of the judicial function, and without it, courts would be unable to assert their authority by order or decree. Young v. United States ex rel Vuitton Et File S.A., supra, 481 U.S. at 796; In re Williams, 306 F. Supp. 617, 618 (D.D.C. 1969). Congress codified the courts' contempt powers in 18 U.S.C. § 401, which states:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority and no other, as –
> . . . .
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

---

the builder, it would be even more expensive to replace the fixtures to the extent that they are missing.

## II. Holding Kowalewski in Civil Contempt is Appropriate Based on His Current Conduct and His Previous Violations of the Court's Orders Freezing Assets.

A party commits contempt when he or she "violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." S.E.C. v. Resource Development Intern. LLC, 217 Fed. Appx. 296 (5th Cir. 2007); Whitfield v. Pennington, 832 F.2d 909, 913 (5th Cir. 1987), cert. denied sub nom, Pennington v. McLaughlin, 487 U.S. 1205 (1988); SEC v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir. 1981).

The Commission has the burden to show, by clear and convincing evidence:

> (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the defendant respondent failed to comply with the court's order.

S.E.C. v. Kenton Capital, Ltd., 983 F.Supp. 13, 16 (D. D.C. 1997) citing Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 401 (5th Cir. 1987); see Piambino v. Bestline Products, Inc., 645 F. Supp. 1210, 1216 (S.D. Fla. 1986) (this burden easily met when offending party admitted knowing of the order and failing to comply).

A party's willful intent to violate a court order need not be shown before a civil contempt sanction will be imposed. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949); Petroleos Mexicanos v. Crawford Enterprises, Inc., supra, 826 F.2d at 401. Indeed, "intent is not even an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with the court's order." Whitfield v. Penninqton, supra, 832 F.2d at 913; Jim Walter Resources, Inc. v. Int'l Union, United Mine Workers of America, 609 F.2d 165, 168 (5th Cir. 1960); Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990); see also, Chao v. Transocean Offshore, 5th Cir. 2002) ("Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order.").

This is Kowalewski's second violation of the asset freeze. He knew better and he did it again. Kowalewski knew that his residence was subject to the asset freeze. He knew that what he sold was removed from the wires holding it in place inside and outside the house. He knew he removed doors and cabinets that were part of the

house. He knew that he was removing valuable parts of the house that he knew was part of his frozen assets.

### III. Kowalewski Should be Ordered to Restore the Property Damaged in Violation of this Court's Order.

Kowalewski should be made to replace the property and restore the damage he has caused by his defiance of the Court's freeze order. Such an order is clearly within the power of this court. Civil contempt, which the Commission seeks in this case, is a remedial device intended to compel full compliance with a court order. Hicks v. Feiock, 485 U.S. 624, 633 (1988); Whitfield v. Pennington, supra, 832 F.2d at 913; Petroleos Mexicanos v. Crawford Enterprises, Inc., supra, 826 F.2d at 400; Southern Railway Co. v. Lanham, 403 F.2d 119, 124 (5th Cir. 1968); Nasco, Inc. v. Calcasieu Television & Radio, Inc., 583 F. Supp. 115, 119 (W.D. La. 1984). If Kowalewski cannot replace and restore the damage, the Court has broad discretion in designing a coercive contempt remedy that will bring about compliance with its order. Perfect Fit Industries, Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir.) cert. denied 459 U.S. 832 (1982). This discretion may include incarceration pending compliance. S.E.C. v. Kenton Capital, Ltd., 983 F.Supp. at 18 (finding defendant in civil contempt and ordering issuance of warrant for arrest upon failure to timely comply with order);

Shillitani v. United States, supra, 384 U.S. at 370-72; Penfield Co. of California v. SEC, 330 U.S. 585, 594 (1947); In re Dinnan, 625 F.2d 1146, 1149 (5th Cir. 1980); Nasco, Inc. v. Calcasieu Television & Radio, Inc., supra, 583 F. Supp. at 121.

The sanctions imposed in civil contempt proceedings ordinarily are conditional, and the contemnor may avoid the sanctions by complying with the order. Hicks v. Feiock, 485 U.S. at 632-34; Shillitani v. United States, 384 U.S. at 368; Penfield Co. of California v. SEC, supra, 330 U.S. at 590 (1947).[4]

## Conclusion

For the foregoing reasons, the Commission respectfully requests that this Court order defendant Kowalewski to immediately show cause why he should not be held in civil contempt for his violations of this Court's orders freezing assets, order him to fully account for his sales, replace those assets he took and restore the damage he caused in violation of the Court's Orders,

---

[4] There are two classes of proceedings for contempt -- civil and criminal. Where an order of contempt imposes conditional incarceration for the purpose of compelling defendants to obey a court order, the defendants carry "the keys of their prison in their own pockets* and the sanction is viewed as a civil remedy. Shillitani v. United States, supra, 384 U.S. at 368; Penfield Co. of California v. SEC, supra, 330 U.S. at 590.

and impose those sanctions the Court deems necessary should he fail to comply with the Court's order.

Dated: August 29, 2011                                  Respectfully submitted,


/S/ Alex Rue

Alex Rue
Georgia Bar No. 618950
Email: Ruea@sec.gov

Paul T. Kim
Senior Trial Counsel
Georgia Bar. No. 418841
Email: kimpau@sec.gov

Counsel for Plaintiff
SECURITIES AND
EXCHANGE COMMISSION
3475 Lenox Road, N.E. Suite 500
Atlanta, Georgia 30326

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF system automatically serves notification of such filling to all attorneys of record. This 29th day of August 2011

                                                      Respectfully Submitted,

                                                     /s/ Alex Rue
                                                     Alex Rue

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : <br> : |
| Plaintiff, | :     Civil Action No.: 1:11-cv-0056 |
| v. | : <br> : |
| STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC, | : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> : |

**PLAINTIFF'S PROPOSED ORDER TO SHOW CAUSE
WHY DEFENDANT KOWALEWSKI SHOULDNOT BE HELD IN
CIVIL CONTEMPT FOR
<u>WILFULLY VIOLATING THE ORDERS FREEZING ASSETS</u>**

                                         Respectfully submitted,

                                         /s/Alex Rue_____
                                         Alex Rue
                                         One of Counsel for Plaintiff
                                         SECURITIES AND EXCHANGE
                                         COMMISSION
                                         3475 Lenox Road N.E., Suite 500
                                         Atlanta, Georgia 30326-1232
                                         Telephone (404) 842-7616

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC,<br><br>  Defendants. | Civil Action No.: 1:11-cv-0056 |

## ORDER TO SHOW CAUSE

On the application of Plaintiff Securities and Exchange Commission ("Commission") for an order to show cause why Defendant Kowalewski should not be held in civil contempt for his violations of this Court's January 6, 2011 orders freezing assets, the Court has considered the emergency application filed by the Commission on August 29, 2011 and the memorandum in support thereof.  Based upon those documents, the Court is satisfied that the Commission has made a sufficient and proper showing in support of the relief granted herein, and therefore:

I.

IT IS HEREBY ORDERED that Kowalewski show cause, if there be any, to this Court at _____ o'clock, on the _____ day of _____, 2011, in Room _____, of the United States Courthouse, Atlanta, Georgia or as soon thereafter as can be heard, why this Court should not issue an order holding them in civil contempt for violating this Court's orders freezing assets.

II.

IT IS FURTHER ORDERED that Kowalewski shall serve any papers in opposition to the Commission's application for an order to show cause so as to be received no later than three (3) days prior to the time established in Section I of this order for a hearing on plaintiff's application. Service shall be made by delivering the papers to the Commission at 3475 Lenox Road, Suite 500, Atlanta, Georgia 30326-1232 to the attention of Alex Rue or to such other counsel as the Commission may designate in writing, by the most expeditious means available.

This _____ day of _____, 2011.

_____
United States District Judge