IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC,<br><br>    Defendants. | Civil Action Number<br>1:11-CV-0056-TCB |

**ORDER ON PLAINTIFF SECURITY AND EXCHANGE COMMISSION'S EMERGENCY SECOND APPLICATION FOR ORDER TO SHOW CAUSE**

This matter comes before the Court on Plaintiff Security Exchange Commission's Emergency Second Application for and Order to Show Cause Why Defendants Stanley J. Kowalewski Should Not Be Held in Civil Contempt for Failure to Comply With the Court's Orders Freezing Assets [ECF No. 87] (the "Contempt Motion"). Having considered Contempt Motion, the available record and the arguments of counsel at the hearing held on August 31, 2011, **IT IS HEREBY ORDERED THAT:**

1.  The Court takes the Contempt Motion under advisement. A ruling thereon shall be deferred until such time as the Securities and Exchange Commission ("SEC") or the Receiver shall notify the Court that the terms of this

Order have not been complied with or that a ruling or further hearing is otherwise necessary.

2. Defendant Kowalewski shall, in accordance with the process and time-line set forth herein, restore to the *status quo ante*, to the reasonable satisfaction of the Receiver and the SEC, the property at 5802 Henson Farms Road, Summerfield, N.C. ("the Hensons Farms House") with regard to recently removed fixtures and other items (the "Fixtures"). The Fixtures include, but are not necessarily limited to: kitchen appliances; cabinetry and counters; lighting; doors; and bathroom sinks and vanities. Such restoration shall include the return of the Fixtures and their reinstallation as well as repair and remediation of any damage caused by such removal.

3. A preliminary list of the Fixtures shall be prepared by, or at the direction of, Defendant Kowalewski, and furnished to counsel under oath for the Receiver and the SEC, within ~~twenty-four (24)~~ forty-eight (48) hours after execution of this order. Such list shall be supplemented as necessary in order to provide a complete and accurate accounting of such removed items. The accounting shall include the name and contact information of the current custodian of each such Fixture, as well as sales price or any other consideration given for each such Fixture.

4. Defendant Kowalewski shall, no later than September 19, 2011, provide to counsel for the Receiver and the SEC a similar accounting of all personalty under oath – e.g., furniture, electronic equipment, jewelry – removed from the Henson Farms House at any time since January 6, 2011.

5. Defendant Kowalewski shall return the Fixtures, or cause them to be returned, not later than 12:00 noon on Friday, September 9, 2011. The return(s) shall be accomplished in collaboration with the Receiver, who shall have a representative at the Henson Farms House at the time of the delivery of the Fixtures.

6. Any Fixture that is not returned or has been damaged or is otherwise unsuitable for reinstallation, as determined by the Receiver, shall be replaced by Defendant Kowalewski with new items of similar appearance, functionality, and quality.

7. All work performed shall be performed under the supervision and direction of a licensed general contractor and only by licensed and insured carpenters, plumbers, and electricians approved by the Receiver.

8. The return, repair and restoration provided for herein shall be performed at the expense of Defendant Kowalewski, who shall not, under any circumstances, use funds subject to the freeze order previously entered herein.

9. Not later than 5:00 p.m. on Monday, September 19, 2011, Defendant Kowalewski shall provide to counsel for the SEC and the Receiver a written proposal for the performance of the repair and reinstallation work as follows:

   a. The proposal shall be from a licensed general contractor.

   b. The proposal shall, with reasonable specificity, describe the work to be done and the cost to perform such work (including all materials, labor and other anticipated expenses).

   c. The proposal shall address all permitting and insurance issues related to the subject work.

   d. The proposal shall provide for a work schedule and completion date.

   e. The proposal shall provide for lien waivers and any and all other documentation or measures required to assure that no lien shall be filed or attach to the Henson Farms House for any reason, including failure to receive payment.

   f. The proposal shall provide for a reasonable process by which the general contractor will provide progress reports to the SEC and the Receiver.

10. The retention of the general contractor, including the specific terms of the proposal described in Paragraph 9, above, shall be subject to the review and approval of the SEC and the Receiver. The parties are directed to collaborate and work reasonably and in good faith with each other and with the proposed general contractor to resolve any and all issues regarding the terms under which the repair and reinstallation work shall be performed. Not later than 5:00 p.m. on Wednesday, September 21, 2011, the parties shall file a Notice setting forth the terms under which the work shall be performed. At a minimum, the Notice shall include the terms described in Paragraph 9, above. Once filed, the Notice shall be incorporated into this Order by specific reference and shall be the terms upon which the work shall be performed. Those terms may only be modified by written agreement of the parties filed with this Court, which shall also be incorporated herein by specific reference.

11. If the parties are unable to reach agreement in accordance with Paragraph 10, above, they shall so inform the Court and a hearing will scheduled as soon as reasonably practical to address the unresolved issues.

12. Within two business days of the filing of the Notice provided for in Paragraph 10 or the entry of an order authorizing the work to proceed after a hearing as provided for in Paragraph 11, Defendant Kowalewski shall provide

proof, reasonably satisfactory to the SEC and the Receiver, that he has the financial wherewithal to pay for the repair, reinstallation and replacement work provided for herein. Proof may include, but is not necessarily limited to: (a) placing into an escrow account the monies necessary to pay for the subject work; or, (b) providing an unqualified letter of credit from a federally chartered bank or similar financial institution.

13. The Receiver and his representatives shall continue to have control over the Henson Farms House as asset of the Receiver Estate. The Receiver, Defendant Kowalewski and the general contractor are directed to work together reasonably and in good faith regarding issues of access and other logistics related to the process and work provided for and contemplated by this Order.

14. Defendant Kowalewski is admonished and ordered to commence promptly, proceed diligently, and complete expeditiously the tasks outlined in this order, displaying at all times the utmost good faith in the fulfillment of this Order. If Defendant Kowalewski fails to comply with the provisions of this Order or if at any time the Receiver or the SEC concludes that Defendant Kowalewski is not endeavoring in good faith to comply with this order, such circumstances may be brought to the attention of the court on twenty-four (24) hours notice. In such event, no further formal motion or application shall be required, and the Court,

after affording all parties an opportunity to be heard, will rule on the Contempt Motion.

15. If Defendant Kowalewski complies with all the terms of this order, to the satisfaction of the Receiver and the SEC, the SEC shall so inform the Court when the work is completed and the Contempt Motion shall be deemed withdrawn.

**IT IS FURTHER ORDERED** that the entry of this Order shall in no way modify or affect in any way the provisions of prior orders of this Court entered in this case.

So **ORDERED** this 31st day of August, 2011.

_____
Judge Timothy C. Batten
United States District Judge