IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>STANLEY J. KOWALEWSKI and SJK INVESTMENT MANAGEMENT, LLC,<br><br>    Defendants. | Civil Action Number<br>1:11-CV-0056-TCB |

**RECEIVER'S NOTICE OF SETTLEMENTS REGARDING HIS MOTION FOR TURN-OVER AND ACCOUNTING**
**AND**
**RECEIVER'S REQUEST FOR TERMINATION OF RECEIVERSHIP OF STANLEY J. KOWALEWSKI**

On August 30, 2011, the Receiver filed a Motion for Order Requiring Stanley J. Kowalewski and Traci Kowalewski to Turn Over Assets of Receiver Estate and for Accounting ("Turn-Over Motion") [ECF No. 118]. While premised on the same facts and circumstances as the Plaintiff's Emergency Second Application for an Order To Show Cause Why Defendant Kowalewski Should Not Be Held In Civil Contempt for Failing to Comply with the Court's Orders Freezing Assets, filed by the Securities and Exchange Commission on August 29, 2011 ("Contempt Motion") [ECF No. 115], the Turn-Over Motion is separate and distinct from the Contempt Motion.

2316560v1

In accordance with the Court's instruction that the parties file no later than today papers regarding the hearing set for September 29, 2011, the Receiver and his counsel believe it is appropriate to inform the Court (and investors) that the Receiver has entered into separate settlements with Defendant Stanley J. Kowalewski and his wife, Traci Kowalewski. As a result of these settlements, the Receiver believes that the receivership of Defendant Stanley J. Kowalewski, individually, should be terminated immediately.

The Receiver expects to present a proposed consent order approving the settlements and terminating Defendant Kowalewski's receivership during the September 29th hearing. By way of explanation and background, the Receiver shows this Court as follows:

1.  Pursuant to Orders dated February 2, 2011 [ECF No. 37] and March 8, 2011 [ECF No. 59] (the "<u>Receivership Orders</u>"), S. Gregory Hays was appointed as Receiver for Stanley J. Kowalewski, individually, along with his personal assets. Defendant SJK Investment Management, LLC ("<u>SJK</u>") and the SJK Special Opportunities Fund were also placed in receivership. (The assets of Kowalewski, SJK and the Special Opportunities Fund are collectively referred to as the "<u>Receiver Estate</u>.")

2. The commencement of the receivership followed the Court's entry of an Order to Show Cause, Temporary Restraining Order, Order Freezing Assets, Order Requiring an Accounting, Order Prohibiting Destruction of Documents, and Order Expediting Discovery on January 6, 2011 [ECF No. 5] and the entry of a Consent Order Preliminarily Enjoining Defendants and Ordering Other Relief on January 26, 2011 [ECF No. 23] (the "Freeze Orders").

3. Pursuant to the terms of a Consent Order entered by this Court on June 28, 2011 [ECF No. 99], Defendant Kowalewski consented to the entry of a judgment against him in the amount of $200,000 in favor of the Plaintiff Securities and Exchange Commission ("SEC"), but to be paid to the Receiver at the rate of not less than $2,500 per month, beginning not later than August 1, 2011, and continuing thereafter until paid in full. The unpaid balance bears interest at the delinquent tax rate established by the Internal Revenue Service, IRC § 6621(a)(2), and is to be assessed on a quarterly basis (the "June 28th Judgment").

4. Among the assets of the Receiver Estate in this case is the former principal residence of Defendant Stanley J. Kowalewski and his family, which is located at 5802 Henson Farms Road, Summerfield, N.C. (the "Henson Farms House"). The Henson Farms House is jointly titled in the names of Stanley and

Traci Kowalewski. The Kowalewskis purchased the property from the Special Opportunities Fund on October 21, 2010 for $2,900,000.

5. Upon learning of the removal of items from the Henson Farms House in late August 2011, the Receiver filed the Receiver's Notice of Defendant Kowalewski's Failure to Comply with Order Appointing Receiver and Continuing Asset Freeze [ECF No. 116] and then filed the Turn-Over Motion seeking relief from both Stanley and Traci Kowalewski.

6. Since the filing of the Turn-Over Motion, the Receiver and each of the Kowalewskis have, through counsel, engaged in negotiations regarding the issues raised in the Turn-Over Motion. The negotiations between the parties have resulted in agreements resolving the Turn-Over Motion.

7. The settlement between the Receiver and Traci Kowalewski is set forth in a written Settlement Agreement and Release dated as of September 21, 2011, a copy of which is attached hereto as <u>Exhibit A</u>. In sum, the settlement resolves disputed issues of ownership regarding real, personal and intangible property.

8. The settlement between the Receiver and Stanley Kowalewski is as follows:

- Stanley Kowalewski has conveyed and assigned his personal interest in certain real property, including the Henson Farms House, to the Special Opportunities Fund.

- Stanley Kowalewski has conveyed and assigned his personal interest in certain personal and intangible property as set forth in the Blanket Transfer and Assignment of Tangible and Intangible Personal Property, a copy of which is attached hereto as <u>Exhibit B</u>.

- Disputed ownership issues regarding certain items of personal property, which were reserved and left unresolved in the Receiver's settlement with Traci Kowalewski, have been resolved.

- A judgment against Stanley J. Kowalewski in the amount of $250,000.00 shall be entered on the same terms as the June 28th Judgment [ECF No. 99].

9. The cumulative result of the settlements with the Kowalewskis is that disputed ownership issues have been resolved without further litigation and substantial assets have been turned over to the Special Opportunities Fund. More specifically:

- Each of the Kowalewskis has conveyed title to the Henson Farms House to the Special Opportunities Fund.

- Each of the Kowalewskis has conveyed title to the real property located at 5203 Southwind Road, Greensboro, North Carolina to the Special Opportunities Fund.

- Each of the Kowalewskis has conveyed to the Special Opportunities Fund their purported interests in the hedge funds that are the subject of this action.

- Each of the Kowalewskis has conveyed to the Special Opportunities Fund their purported interests in KSTSO Holdings, LLC.

- In effect, the amount of the June 28th Judgment against Defendant Kowalewski is increased to $450,000.

- Issues of ownership of furniture and other personal property in which Traci Kowalewski claims an ownership interest have been resolved.

- Each of the Kowalewskis has disclaimed any interest in assets of the Receiver Estate not specifically allocated to Traci Kowalewski under the terms of the settlements.

10. As a result of the settlements with the Kowalewskis, the Receiver and his counsel believe that the receivership of Stanley J. Kowalewski, individually, should be terminated immediately. First, all of his material assets have been transferred to the Special Opportunities Fund, which remains in receivership. Second, the time and expense related to dealing with Defendant Kowalewski, individually, have been substantial. There is no need to continue to expose the Receiver Estate to this expense. Finally, and quite importantly, the filing date for Defendant Kowalewski's 2010 income tax returns has been extended until October 15, 2011. If the receivership is terminated, Defendant Kowalewski is responsible

for this filing, and, at the same time, the Receiver is relieved of any obligation that he or the Receiver Estate may have for filing the return.[1]

11.     The settlements with the Kowalewskis and the termination of the receivership of Defendant Kowalewski, individually, in no way limit or otherwise modify the terms of the Freeze Orders or the Receivership Orders as they relate to SJK and/or the Special Opportunities Fund.  These receiverships will continue.

12.     The settlements with the Kowalewskis and the termination of the receivership of Defendant Kowalewski, individually, in no way limit or otherwise modify the respective rights, claims and defenses of the Plaintiff SEC or of Defendant Kowalewski with respect to any other matter in this case including, but not limited to, disgorgement and the SEC's pending motions and notice related to Defendant Kowalewski's compliance with the orders of this Court.

WHEREFORE, the Receiver requests that this Court affirm and approve the settlements with Defendant Stanley J. Kowalewski and Traci Kowalewski and that the receivership of Defendant Kowalewski be terminated immediately.

---

[1] The filing of Defendant Kowalewski's 2010 tax returns is not the only tax issue related to this receivership.  The Receiver's final plan of distribution will address tax liabilities and will be served on taxing authorities.

2316560v1                               7

Respectfully submitted, this 27th day of September, 2011.

/s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125
david.dantzler@troutmansanders.com
Thomas B. Bosch
Georgia Bar No. 068740
tom.bosch@troutmansanders.com
Natalie D. Sacha
Georgia Bar No. 558276
natalie.sacha@troutmansanders.com

**TROUTMAN SANDERS LLP**
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000 (phone)
(404) 885-3900 (fax)

*Attorneys for S. Gregory Hays, Receiver*

## **CERTIFICATE OF COMPLIANCE OF LOCAL RULE 7.1D**

I hereby certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1B.

/s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **RECEIVER'S NOTICE OF SETTLEMENTS REGARDING HIS MOTION FOR TURN-OVER AND ACCOUNTING AND RECEIVER'S REQUEST FOR TERMINATION OF RECEIVERSHIP OF STANLEY J. KOWALEWSKI** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

A copy of this filing also has been provided by electronic mail to all investors in the SJK Funds and the SOF.

This 27th day of September, 2011.

                                                /s/ *J. David Dantzler, Jr.*
                                                J. David Dantzler, Jr.
                                                Georgia Bar No. 205125