# EXHIBIT A

*EXECUTION COPY*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("**Agreement**") is dated as of September 21, 2011 by and between S. Gregory Hays, as "**Receiver**" of Stanley J. Kowalewski; SJK Investment Management, LLC ("**SJK**"); and the SJK Special Opportunities Fund, LP (the "**SOF**"), and all of their assets (collectively, the "**Receiver Estate**") and Traci Kowalewski a/k/a Traci Fontenot-Kowalewski ("**Traci Kowalewski**").

### RECITALS

**A.** WHEREAS, the Receiver was appointed by the United States District Court for the Northern District of Georgia in a civil enforcement action styled *Securities and Exchange Commission v. Stanley J. Kowalewski, et. al.*, Civil Action No. 1:11-cv-0056-TCB (the "**Enforcement Action**");

**B.** WHEREAS, Defendant Stanley J. Kowalewski, through SJK, solicited, received, and managed money belonging to investors in four "fund-of-fund" hedge funds (the "**SJK Funds**");

**C.** WHEREAS, the Securities and Exchange Commission (the "**SEC**") and the Receiver allege that Defendant Stanley J. Kowalewski, through SJK, caused two of the SJK Funds – the SJK Absolute Return Fund, Ltd. and the SJK Absolute Return Fund, LLC (collectively, the "**Absolute Return Funds**") – to transfer money to the SOF;

**D.** WHEREAS, the Receiver contends that, since January 2010, various assets, including both real and personal property were acquired, in part or in whole, by Stanley J. Kowalewski using money misappropriated from the SOF and that the title to certain of those assets is in Traci Kowalewski's name, either individually or together with Stanley J. Kowalewski;

**E.** WHEREAS, the assets in which Traci Kowalewski has title or has claimed an ownership interest and which the Receiver contends were acquired with money transferred or paid directly from the SOF (the "**Included Assets**") are listed in **Schedule A** to this Agreement;

**F.** WHEREAS, the Receiver contends the Included Assets are impressed with a constructive trust for the benefit of the SOF;

**G.** WHEREAS, the Receiver has made a demand for turnover of the Included Assets based upon constructive trust and other theories and causes of action that might be asserted against Traci Kowalewski;

**H.** WHEREAS, Traci Kowalewski contends that certain assets under the Receiver's authority and control, and certain other assets over which she claims an ownership interest (the "**Excluded Assets**"), which are listed in **Schedule B** to this Agreement, were acquired using her own monies or other monies wholly unrelated to investment offerings at issue in the Enforcement Action, or otherwise rightfully belong to her, her mother, or her minor children;

2309194v6 _____ Initials

*EXECUTION COPY*

I.  **WHEREAS,** Traci Kowalewski has submitted an "Employee Claim Form" in the receivership;

J.  **WHEREAS,** the Receiver denies that Traci Kowalewski is entitled to the amounts sought in the Employee Claim Form;

K.  **WHEREAS,** the Receiver, on August 30, 2011, filed a Motion for Order Requiring Stanly J. Kowalewski and Traci Kowalewski to Turn Over Assets of the Receiver Estate and for Accounting and Brief in Support (the "**Turnover Motion**");

L.  **WHEREAS,** Traci Kowalewski, under penalty of perjury, provided the Securities and Exchange Commission with a personal financial statement dated June 9, 2011, a copy of which has been provided to the Receiver;

M.  **WHEREAS,** the Receiver is satisfied that Traci Kowalewski does not have sufficient assets beyond the Included Assets to satisfy any significant judgment rendered against her;

N.  **WHEREAS,** Traci Kowalewski desires to resolve all matters related to issues of her potential liability; her ownership of the Included Assets and Excluded Assets; the claims asserted in her Employee Claim Form; her association with SJK, the SJK Funds, and the SOF; the Turnover Motion; and other issues related to the Enforcement Action, without incurring further expense and other risks of litigation; and

O.  **WHEREAS,** the Receiver has determined through his investigation that the terms of the settlement and compromise set forth in this Agreement are in the best interest of the Receiver Estate and, ultimately, the investors who invested in the SJK Funds and the SOF;

**NOW, THEREFORE,** in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the parties do hereby mutually agree as follows, subject to approval by the Court in the Enforcement Action:

## ARTICLE I
## SETTLEMENT TERMS

**Section 1.1.  Supplement Personal Financial Statement.** Traci Kowalewski shall, on or before September 23, 2011, provide to the Receiver a supplemental personal financial statement, sworn to under penalty of perjury, which: (1) states that her financial condition has not changed and remains the same as reflected on her June 9, 2011 sworn personal financial statement; (2) states whether she has retained any fixtures or personal property removed since January 6, 2011 from the Henson Farms House (as defined herein) or received any proceeds from the sale of such items; (3) lists all bank, brokerage, and similar accounts in her name or over which she currently has signatory authority or has had signatory authority at any time since January 6, 2011. The Receiver's obligations and releases under this Agreement are conditioned upon the receipt and accuracy of the supplemental personal financial statement.

2

_____ Initials

2309194v6

*EXECUTION COPY*

Section 1.2.   **Conveyance of Property Interests in the Included Items by Traci Kowalewski to the SOF.**

(a)   **Conveyance of Real Property Interests.** To the extent not previously effected, Traci Kowalewski, within five (5) business days of the Effective Date, shall convey to the SOF all right, title, and interest, whether legal or equitable, that she may have in the parcels of real property listed in Schedule A – Included Assets, by executing quitclaim deeds in the form attached hereto as Exhibit 1. Moreover, Traci Kowalewski disclaims any legal, equitable, or other interest that she may have in other real property in which Stanley J. Kowalewski or the Receiver Estate has an interest.

(b)   **Conveyance of Tangible and Intangible Personal Property Interests.** To the extent not previously conveyed to the Receiver, Traci Kowalewski hereby conveys to the SOF all right title and interest, whether equitable or legal, in the tangible and intangible personal property listed in Schedule A – Included Assets. Traci Kowalewski further agrees that, other than the assets listed in Schedule B – Excluded Assets, Traci Kowalewski disclaims any right, title, and interest to or in any assets that were frozen in the Enforcement Action and/or that are part of the Receiver Estate and/or currently in the possession, custody, or control of the Receiver Estate. To the extent not previously conveyed to the Receiver, Traci Kowalewski within five (5) business days of the Effective Date, shall convey to the SOF all right, title, and interest, whether legal or equitable, that she may have in these tangible and intangible assets listed in Schedule A – Included Assets, by executing a document in the form attached hereto as Exhibit 2.

(c)   **General Conveyance of All Included Assets.** To the extent not otherwise provided for in this Agreement, Traci Kowalewski hereby disclaims any right, title, and interest to or in the Included Assets, assigns and transfers her interest in the Included Assets to the Receiver Estate, and acknowledges that the Included Assets are, and have at all times since their acquisition been, impressed with a constructive trust for the benefit of the SOF

Section 1.3.   **Traci Kowalewski's Retention of Ownership Interest in the Excluded Items.**

(a)   **401(k) Account.** Traci Kowalewski may retain and the Receiver hereby disclaims any right, title, or interest in or to Traci Kowalewski's interest in the SJK Investment Management, LLC 401(k) Plan.

(b)   **Pawleys Island.** Upon the execution by Traci Kowalewski of a declaration that she is the owner of the items listed in Section II, "Pawleys Island", of Schedule B – Excluded Items, Traci Kowalewski may retain those items and the Receiver will, without further action required by him, disclaim any right, title, or interest in or to those items.

(c)   **Henson Farms.** Traci Kowalewski claims an ownership interest in the items listed in Section III, "Henson Farms," of Schedule B – Excluded Items. The Receiver disclaims the Receiver Estate's right, title, and interest in or to those items only to the extent that Traci Kowalewski has a legally or equitably cognizable ownership interest in them. By entering into this agreement, the Receiver does not agree that Traci Kowalewski has a legally or equitably

3

_____ Initials

2309194v6

*EXECUTION COPY*

cognizable ownership interest in those items and the Receiver reserves his right to claim that those items are the property of the Receiver Estate.

**Section 1.4.** **Traci Kowalewski's Withdrawal of Employee Claim Form.** Traci Kowalewski hereby withdraws the Employee Claim Form submitted by her to the Receiver in its entirety, except that, as reflected in Schedule B – Excluded Assets, Traci Kowalewski will retain her interest in the SJK Investment Management, LLC 401(k) Plan. Traci Kowalewski acknowledges and affirms that, with the exception of her interest in the SJK Investment Management, LLC 401(k) Plan, she is not entitled to any distribution from the Receiver Estate.

**Section 1.5.** **General Disclaimer.** Except for the specific assets, accounts, and monies identified in Schedule B – Excluded Assets, which Traci Kowalewski shall retain in accordance with this Agreement, Traci Kowalewski hereby disclaims any interest in any real or personal property, intangible assets, cash, or other items that represent or were acquired by Stanley J. Kowalewski, SJK, or the SOF using the proceeds of the investment offerings that are the subject of the Enforcement Action.

## ARTICLE II
## RELEASES

**Section 2.1.** **Release of Traci Kowalewski.** The Receiver, on behalf of himself, his successors and assigns, as well as on behalf of the Receiver Estate, hereby forever releases, discharges and acquits Traci Kowalewski, and her children (Brendan, Andrew, Brianna, and Devin), from any and all claims, demands, or causes of action that the Receiver may now have or which may hereafter accrue on account of, in connection with, or which in any way may grow out of: (a) the investment related activities of Stanley J. Kowalewski, SJK, and the SOF; or (b) Traci Kowalewski's involvement, membership, association, affiliation with, or employment by Stanley J. Kowalewski, SJK, and the SOF. Notwithstanding the foregoing, nothing herein is intended to nor should be construed to release any other person or entity who was in any way affiliated with Stanley J. Kowalewski, SJK, or the SOF, or who worked on or provided services in connection with the investment offerings at issue in the Enforcement Action. The Receiver hereby expressly reserves such claims against any such person or entity not expressly released herein. Moreover, the Receiver does not release, and expressly reserves, any and all claims against Traci Kowalewski seeking to enforce this Agreement, including but not limited to claims against Traci Kowalewski and her children seeking to recover assets acquired with or traceable to, in whole or in part, the proceeds of the investment offerings at issue in the Enforcement Action.

**Section 2.2.** **Release of Receiver and Receiver Estate.** Traci Kowalewski, on behalf of herself and her children (Brendan, Andrew, Brianna, and Devin), hereby releases, discharges, and acquits the Receiver, his employees, agents, attorneys and assigns, as well as the Receiver Estate, SJK and the SOF, from any and all claims, demands, or causes of action that she may now have or which may hereafter accrue on account of, in connection with, or which may grow out of: (a) the investment related activities of Stanley J. Kowalewski, SJK, and the SOF; or (b) Traci Kowalewski's involvement, membership, association, affiliation with, or employment by Stanley J. Kowalewski, SJK, and the SOF. Specifically, without limiting the foregoing, except as expressly provided for herein, Traci Kowalewski releases and disclaims any claims of

4

_____ Initials

*EXECUTION COPY*

ownership or entitlement to use and enjoyment of personal property owned at any time by: Stanley J. Kowalewski; Stanley J. Kowalewski and Traci Kowalewski, jointly; SJK; or the SOF. Traci Kowalewski expressly reserves any claims against any person or entity not expressly released herein.

## ARTICLE III
## MISCELLANEOUS PROVISIONS

**Section 3.1.** **Court Approval and Effective Date**. This Agreement shall be effective and binding on all parties hereto only upon the entry of an Order of the Court in the Enforcement Action approving the terms of this Agreement. The "**Effective Date**" will be the date that such order is entered.

**Section 3.2.** **Executions of Documents in Furtherance of Agreement**. Traci Kowalewski agrees to execute and deliver, or to cause to be executed and delivered, all such instruments, and to take all such action as the Receiver reasonably may request in order to effectuate the intent and purposes of, and to carry out the terms of, this Agreement. Specifically, without limiting the foregoing, Traci Kowalewski agrees to execute any and all documents – e.g., consent orders, deeds, assignments, bills of sale, etc. – necessary to give effect to the transactions contemplated in this Agreement.

**Section 3.3.** **Cooperation**. Traci Kowalewski agrees that, in the future, without charge to the Receiver or the Receiver Estate, she will cooperate with the Receiver and his counsel and other professionals working with them to provide information and assistance in the Receiver's investigation, as well as the prosecution or defense of any claims by or against the Receiver or the Receiver Estate.

**Section 3.4.** **Good Faith**. The parties agree that the Agreement was negotiated in good faith by the parties, and reflects a settlement that was reached voluntarily after consultation with each of the parties' representative competent legal counsel.

**Section 3.5.** **Integration**. Any schedules referenced in or attached to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

**Section 3.6.** **Amendments**. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all parties, as the case may be, or their respective successors-in-interest.

**Section 3.7.** **Counterparts**. This Agreement may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court in the Enforcement Action.

**Section 3.8.** **Successors**. This Agreement shall be binding upon and inure to the benefit of the Receiver and his respective successors, and assigns and Traci Kowalewski and her successors and assigns, including her children (Brendan, Andrew, Brianna, and Devin).

5

_____ Initials

2309194v6

*EXECUTION COPY*

**Section 3.9.   Jurisdiction.** This Agreement in all respects shall be interpreted, enforced and governed by and under the laws of the State of Georgia. The Receiver and Traci Kowalewski agree that the United States District Court for the Northern District of Georgia, Atlanta Division shall have exclusive jurisdiction over all issues related to this Agreement.

**Section 3.10.   Entire Agreement.** This Agreement integrates the whole of all agreements and understandings of any sort or character between the Receiver and Traci Kowalewski concerning the subject matter of the Agreement and supersedes all prior negotiations, discussions, or agreements of any sort whatsoever, whether oral or written, concerning the subject matter of the Agreement. There are no representations, agreements, or inducements relating to the subject matter hereof, except as set forth expressly and specifically in this Agreement. There are no unwritten, oral, or verbal understandings, agreements, or representations of any sort whatsoever between the Receiver and Traci Kowalewski, it being stipulated that the rights of the Receiver and Traci Kowalewski against one another shall be governed exclusively by this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the date set forth above.

S. Gregory Hays, Receiver for Stanley J.
Kowalewski, SJK Investment Management,
LLC, and the SJK Special Opportunities
Fund, LP

By: _____
S. Gregory Hays, Receiver

By: _____
Traci Kowalewski

_____ Initials

6

2309194v6

*EXECUTION COPY*

## SCHEDULE A
## INCLUDED ASSETS

**I.  Real Property**

- 5802 Henson Farms Road, Summerfield, Guilford County, North Carolina

- 5203 Southwind Road, Greensboro, North Carolina

- Any and all other real property acquired in whole or in part with the proceeds of the investment offerings at issue in the civil action titled *Securities and Exchange Commission v. Stanley J. Kowalewski, et. al.*, Civil Action No. 1:11-cv-0056-TCB (the "**Enforcement Action**")

**II.  Tangible and Intangible Personal Property**

- All fixtures and personal property located at the Henson Farms House, or removed from the Henson Farms House since January 6, 2011, except for those items specifically listed on Schedule B – Excluded Assets.

- All fixtures and personal property located at 101 Atlantic Avenue, Pawleys Island, South Carolina (the "Pawleys Island House"), or removed from the Pawleys Island House since January 6, 2011, except for those items specifically listed on Schedule B – Excluded Assets.

- The proceeds from any sales of any items removed since January 6, 2011 from the Henson Farms House, the Pawleys Island House, except for the proceeds from any sales of items specifically listed on Schedule B – Excluded Assets.

- That distinctive three stone ring that was purchased by Stanley J. Kowalewski on or around June 29, 2010 for an approximate purchase price of $37,425, exclusive of tax, and subsequently transferred to Traci Kowalewski.

- A check issued from the Internal Revenue Service to Stanley J. Kowalewski and Traci Kowalewski in connection with a refund of 2009 federal income taxes.

- Ownership of all investments and investment accounts made or held in the name of Traci Kowalewski, individually, or jointly with Stanley J. Kowalewski, including, but not limited to, investments in the SJK Special Opportunities Fund, LP; the SJK Absolute Return Fund, LLC; and the SJK Long/Short Equity Fund, LLC.

- Ownership/membership interest in KSTSO Holdings, LLC, a North Carolina Limited Liability Company.

7

_____ Initials

2309194v6

*EXECUTION COPY*

- Any and all other tangible or intangible personal property acquired in whole or in part with the proceeds of the investment offerings at issue in the Enforcement Action, except any intangible assets specifically identified in Schedule B -- Excluded Assets.

8

_____ Initials

*EXECUTION COPY*

## SCHEDULE B
## EXLUDED ASSETS

**I.  401(k) Account**

- Traci Kowalewski's interest in the SJK Investment Management, LLC 401(k) Plan.

**II.  Pawleys Island**

The assets are located at or were removed from real property located at 105 Atlantic Avenue, Pawleys Island, SC 29585. Any items prefaced with the terms "Some" or "Various" will be removed only upon the agreement of the Receiver and Traci Kowalewski.

- <u>1st Floor Guest Room ("Nana's Room")</u>

    - Yellow Table
    - Yellow Ladder
    - White Dresser
    - White TV Unit
    - White End Table
    - Blue Chair
    - Pine End Table
    - Pine Bed Set Chest

- <u>Living Room</u>

    - Coffee Table
    - Various Wall Hangings
    - Lamp
    - Various Decor
    - Candles

- <u>Dining Room</u>

    - Some Placemats
    - Some Decor
    - Some Plasticware

- <u>Porches</u>

    - Shell Collection
    - Wall Hangings
    - Children's Joggling Board
    - Hammock
    - 2 Picnic Tables
    - Hurricane Lamps

9

_____ Initials

*EXECUTION COPY*

- Girls room
    - White Library Table
    - 2 Headboards
    - 2 Twin Beds and Frames

- Closets
    - Baby equipment

- Kitchen
    - Some Kitchen Utensils
    - Some Cookware
    - Some Dishes

- Sun Room
    - Yellow Floral Rug
    - White Corner Cupboard
    - Farmhouse Table & Chairs
    - Kids Table & Chairs
    - China Cabinet

- Boys' Room
    - 2 Small Dressers
    - Wall Hangings

- Guest Room with Kitchenette
    - Cafe Table & Chairs
    - Small TV
    - Mattress with Frame

- Hallways
    - Black bench w Hooks
    - Orange Stools
    - White Chest

- General
    - Books/Movies/Games
    - Various Wall Hangings
    - Children's Artwork
    - Various Linens

10

_____ Initials

2309194v6

- o Some Lamps

- Master Bedroom

    - o Books/Linens/Wall Hangings/Lamps

- Master Office

    - o Trundle Bed
    - o End Table
    - o Lamp
    - o Bookshelf
    - o Child's Rocking Chair
    - o Dresser

- Storage closet

    - o Beach, Fishing, Auto Equipment

### III. Henson Farms

The following items have been removed from the real property located at 5802 Henson Farms Road, Summerfield, Guilford County, North Carolina:

- 3 Children's Bedroom Suites
- Guest Bedroom Suite
- Master Bedroom Suite
- Pool Table
- Kitchen Table and Chairs (2 Sets)
- Various Leather Couches and Chairs
- Recliners
- Pool Furniture
- Gas Grill (2)
- 26" LG LCD Television (3)
- 46" Sunbrite Television
- 60" Sony LCD Television
- 55" Pioneer Flatscreen Television
- Children's Bunk Bed Set
- Dining Room Set
- Ping Pong Table
- End Tables
- Pub Table and Chairs
- Adirondack Outdoor Chairs
- Curtains (Unattached To Walls)
- Yard Sale Stuff (Clothes, Dishes, Glasses, Toys, etc.)
- Fabric Oversized Chair

11

_____ Initials

*EXECUTION COPY*

- Shag Rug
- Ottoman
- Old Storage Table
- Desk and Chair
- Television Hutch
- Bookcases
- 26" LG LCD Television
- All Jewelry, except for that distinctive three stone ring that was purchased by Stanley J. Kowalewski on or around June 29, 2010 for an approximate purchase price of $37,425, exclusive of tax, and subsequently transferred to Traci Kowalewski
- Baby Grand Piano
- Argonaut Office Furniture (Located at Henson Farms)
- Personal Clothing
- Kitchen Utensils and Accessories
- Children's Toys

12

_____ Initials

2309194v6