AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>*Plaintiff*<br>v.<br>STANLEY J. KOWALEWSKI and<br>SJK INVESTMENT MANAGEMENT, LLC<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:11-cv-0056-TCB<br>)<br>)  (If the action is pending in another district, state where:<br>)  Northern District of Georgia) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
   EisnerAmper, LLP, Eisner LLP, Eisner (Cayman) LLP

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place:<br>EisnerAmper LLP<br>750 Third Ave<br>New York, NY 10017 | Date and Time:<br>January 26, 2012<br>9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographic and videographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  January 10, 2012

   _____          OR   _____
   CLERK OF COURT                        *Attorney's signature*
                                         J. David Dantzler, Jr.
   *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   S. Gregory Hays, Receiver
_____, who issues or requests this subpoena, are:



J. David Dantzler, Jr., Troutman Sanders LLP, 600 Peachtree Street NE, Suite 5200, Atlanta, GA 30308 (404) 885-3314
david.dantzler@troutmansanders.com



AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for* Producing *Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



# EXHIBIT A TO
# RULE 30(B)(6) DEPOSITION SUBPOENA TO
# EISNERAMPER LLP, EISNER LLP AND EISNER (CAYMAN) LLP

**The following terms are intended to have the meaning indicated below:**

1.  "Eisner" shall mean EisnerAmper LLP, Eisner LLP, and/or Eisner (Cayman) LLP, and their respective direct and indirect affiliates and parents, subsidiaries, successors, partners, directors, officers, employees, representatives, advisors, agents, attorneys, consultants, associates, members, or any other person acting on their behalf.

2.  "SJK IM" shall mean SJK Investment Management, LLC.

3.  "ARF LTD" shall mean SJK Absolute Return Fund, Ltd., a Cayman Islands exempted company.

4.  "ARF LLC" shall mean SJK Absolute Return Fund, LLC, a Delaware limited liability company.

5.  With respect to ARF LTD, "Financial Statements" shall mean statement of net assets of ARF LTD, including the condensed schedule of investments in investment funds, as of December 31, 2009, and the related statements of operation, changes in net assets and cash flows, and the financial highlights for the period from August 1, 2009 (commencement of operations) through December 31, 2009.

6.  With respect to ARF LLC, "Financial Statements" shall mean statement of net assets of ARF LLC, including the condensed schedule of investments in investment funds, as of December 31, 2009, and the related statements of operation, changes in net assets and cash flows, and the financial highlights for the period from October 1, 2009 (commencement of operations) through December 31, 2009.

## MATTERS FOR EXAMINATION

1.  The facts and circumstances related to Eisner being engaged as auditor for ARF LTD and ARF LLC, specifically including, but not necessarily limited to:

    (a) Eisner's client intake procedures as applied to ARF LTD and ARF LLC; and

    (b) Prior relationships, if any, between Eisner and any of the individuals acting on behalf of ARF LTD or ARF LLC.

2.  The performance of Eisner's audits of the Financial Statements of ARF LTD and ARF LLC, specifically including, but not limited to:

    (a) Planning for the audits;

    (b) Consideration of fraud in a financial statement audit;

  (c) Specific responsibilities and activities of each Eisner employee involved in the audit;

  (d) Communications between Eisner and individuals acting on behalf of ARF LTD and/or ARF LLC, including legal counsel;

  (e) Any and all internal reviews of any aspect of the work performed by Eisner employees;

  (f) Eisner's work papers;

  (g) Preparation and delivery of the independent auditors' report; and

  (h) Any related work done after delivery of the independent auditors' report.

 3. Eisner's review and/or analysis of the following issues in connection with the audits of the Financial Statements of ARF LTD and/or ARF LLC, specifically including, but not limited to:

  (a) Investments in investment funds;

  (b) Subscriptions and advances;

  (c) Management fees;

  (d) Incentive fees;

  (e) Investment valuation and revenue recognition;

  (f) Related party transactions;

  (g) Capital share transactions; and,

  (h) Subsequent events.

 4. The professional experience and background of each Eisner employee who was involved in the audits of the Financial Statements of ARF LTD and/or ARF LLC.

 5. To the extent that Eisner audited or reviewed financial statements for SJK IM at any time, the facts and circumstances of the audit(s) or review(s) (e.g., the same subject matters described in Sections 1 through 4, above, with respect to SJK IM).

 6. Review, analysis or consideration of any issue that in any way relates to the SJK Special Opportunities Fund LLC – however limited and regardless of the time of such review, analysis or consideration.

 7. Eisner's communications with the Securities and Exchange Commission related to ARF LTD, ARF LLC, SJK IM and/or any of their principals, specifically including, but not limited to, Stanley J. Kowalewski.