IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>STANLEY J. KOWALEWSKI and<br>SJK INVESTMENT MANAGEMENT, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:11-cv-0056-TCB |

**FOURTH APPLICATION OF RECEIVER FOR AUTHORITY TO
PAY PROFESSIONAL FEES AND TO REIMBURSE COSTS**

S. Gregory Hays, Receiver for Defendants SJK Investment Management,

LLC and the SJK Special Opportunities Fund, LP files his Fourth application for

authority to pay professional fees for services rendered and to reimburse costs.

This application seeks the authority to pay the fees and reimburse the expenses of

the Receiver, Hays Financial Consulting, and Troutman Sanders for services

rendered from November 1, 2011 through January 31, 2012.

In support of this application, the Receiver respectfully shows the following:

# BACKGROUND

1.      Pursuant to Orders dated February 2, 2011[ECF No. 37] and March 8, 2011 [ECF No. 59] (the "Receivership Orders"), S. Gregory Hays was appointed as receiver for Stanley J. Kowalewski ("Kowalewski"),  SJK Investment Management, LLC ("SJK"), the SJK Special Opportunities Fund, LP (the "SOF"), and all of their assets (collectively, the "Receiver Estate").  The Receivership Orders grant the Receiver broad authority over the organization, management, control, and disposal of the assets of the Receiver Estate.

2.      The Receiver retained and continues to employ the financial consulting firm of Hays Financial Consulting, LLC ("HFC") as his accountants and financial consultants and the law firm of Troutman Sanders LLP ("Troutman Sanders") as counsel to the Receiver.  (The Receiver, HFC, and Troutman Sanders are collectively referred to as the "Receiver Team").

3.      At the commencement of this receivership, the Receiver and other professionals agreed with the SEC to work under a fee structure that seemed reasonable based on the factual circumstances known at that time, subject to future adjustment based on the facts and circumstances of the receivership.  As the Receiver Team performed its investigation into the facts and circumstances of this

case, it became clear that this case was far more complicated than anticipated and that Defendant Kowalewski was not going to cooperate with the Receiver.

4.      Upon recognizing that the fees and expenses would exceed the amount initially expected, the Receiver and his professionals notified the SEC, the investors, and the Court in filings and written updates to investors.  In connection with the Receiver's Second Application for Authority to Pay Professional Fees and to Reimburse Costs, filed on September 13, 2011 [ECF No. 122], the Receiver consulted with the SEC, and the SEC, in light of the actual scope and complexity of work required in connection with this receivership, did not object to the payment of fees in excess of the original cap for core activities.[1]

5.      The Receiver Team has continued to be mindful of the overall costs of this receivership.  All of the members of the Receiver Team well understand that the professional fees and expenses, as well as other costs of administration, are paid from the assets of the Receiver Estate and, consequently, reduce the amount available for distribution to investors and other creditors.

6.      Moreover, throughout, the Receiver's hourly rate charged in this case has been discounted by 10% from his standard hourly rate and HFC's rates have

---

[1] The fee structure and the facts and circumstances related to the Receiver's prior work are set forth in more detail in the Receiver's previous fee applications [ECF Nos. 103, 122, and 154], which are incorporated herein by reference.

been discounted by 5%. And from the beginning of the case, Troutman Sanders agreed to discount the rate of lead counsel, Mr. Dantzler, from $660 to $495 (25% discount) and to discount the rates of all other professionals by 5% from their standard hourly rates. As the case evolved, Troutman Sanders unilaterally increased the discount of Mr. Bosch's rate from 5% to 10% beginning in May 2011. In addition, in connection with the Receiver's previous fee application [ECF No. 154], Troutman Sanders made a one-time $30,000 adjustment to its fees (i.e., write-off) in recognition of the overall circumstances of this case.

7.    As this receivership has progressed, the amount of work required to administer the Receiver Estate has steadily declined; specifically, the September 30, 2011 termination of the receivership over Stanley J. Kowalewski and the first distribution to investors in the SJK Funds have resulted in a significant reduction in the overall work required of the Receiver Team. As a result, the fees and expenses sought for the three month time period covered by this Application are less than 40% of the lowest prior fee application. Although the Receiver expects the fees and expenses incurred in the following three months to increase due to the administration of creditor claims and the filing of a related supplemental plan, the work in this receivership is winding down.

8.     In sum, the Receiver Team has taken multiple measures to ensure that the professional fees and expenses in this receivership are reasonable in light of the complicated nature of the work.

## APPLICATION FOR FEES

9.     In accordance with the Receivership Orders, the receiver files this Application seeking authority to pay professional fees and expenses for the period from November 1, 2011 through January 31, 2012.

10.     Regarding the calculation and award of attorneys fees, the Eleventh Circuit has determined that:

> In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the "lodestar." The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit.

*Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006)(citations omitted). The amount and reasonableness of the fees and costs sought to be approved in this Application are addressed below.

**B.     Fees and Expenses for Period from November 1, 2011 through January 31, 2012**

11.     For the period from November 1, 2011 through January 31, 2012, the Receiver Estate incurred $131,952.80 in fees and $641.32, in expenses, which are broken down as follows:

| | |
|---|---|
| Core Matters | $  99,096.17 |
| Extraordinary Matters | $  32,856.63 |
| Expenses | $      641.32 |

| **S. GREGORY HAYS, RECEIVER**<br>**November 2011 – January 2012** | | | | |
|---|---|---|---|---|
| | Nov 2011 | Dec 2011 | Jan 2012 | Total |
| Total Fees – Core | 4,860.00 | 4,860.00 | 7,272.00 | 16,992.00 |
| Total Fees – Extraordinary | 1,368.00 | 4,752.00 | 1,728.00 | 7,848.00 |
| Expenses | | 5.55 | | 5.55 |
| TOTALS | 6,228.00 | 9,617.55 | 9,000.00 | 24,845.55 |

| **HAYS FINANCIAL CONSULTING, LLC**<br>**November 2011 – January 2012** | | | | |
|---|---|---|---|---|
| | Nov 2011 | Dec 2011 | Jan 2012 | Total |
| Total Fees – Core | 15,149.30 | 6,654.70 | 12,469.50 | 34,273.50 |
| Total Fees – Extraordinary | 1,789.30 | 5,046.50 | 2,709.60 | 9,545.40 |
| Expenses | 126.28 | 61.49 | 54.63 | 242.40 |
| TOTALS | 17,064.88 | 11,762.69 | 15,233.73 | 44,061.30 |

| TROUTMAN SANDERS LLP November 2011 – January 2012 | | | | |
|---|---|---|---|---|
| | Nov 2011 | Dec 2011 | Jan 2012 | Total |
| Total Fees – Core | 21,191.12 | 13,828.00 | 12,811.55 | 47,830.67 |
| Total Fees – Extraordinary | 5,089.63 | 7,086.46 | 3,287.14 | 15,463.23 |
| Expenses | 170.40 | 53.53 | 169.44 | 393.37 |
| TOTALS | 26,451.15 | 20,967.99 | 16,268.13 | 63,687.27 |

Attached hereto as Exhibit A, is a more detailed summary of these fees which shows the monthly amount of fees for the Receiver, HFC, and Troutman Sanders by billing task codes.

12.     Monthly statements attached hereto as Exhibits B through D contain the following information for the time period of November 1, 2011 through January 31, 2012 for the Receiver, HFC, and Troutman Sanders, respectively: (a) the number of hours worked by each professional; (b) the manner and type of work performed by each professional; and (c) the monetary value assigned to each task performed by each professional.  Information protected from disclosure by the attorney-client privilege and attorney work-product doctrine has been redacted from these statements.

13.     The hourly rates reflected in Exhibits B through D are commensurate with the rates charged by other professionals of similar experience levels in Atlanta, Georgia.  The Receiver and the professionals at HFC are respected by

their peers for their work in receiverships, bankruptcies, turn-arounds, and similar financial structuring work.  Likewise, the attorneys at Troutman Sanders primarily responsible for this case specialize exclusively in the practice of civil trial law and have many years of experience in cases involving securities and financial fraud. The practice of these attorneys regularly includes the representation of receivers. The attorneys from Troutman Sanders are recognized and respected in this community.

14.    The fees and expenses that are the subject of this application include all of the fees and expenses of the Receiver Team for the relevant time period. They do not include the direct fees and expenses incurred by the four "SJK Funds" not in receivership – i.e., the Offshore Absolute Return Fund., the SJK Long/Short Equity Fund, Ltd. (the "Offshore LSEF"), the Onshore Absolute Return Fund, and the SJK Long/Short Equity Fund, LLC (the "Onshore ARF").  These fees and expenses included fees charged by SS&C Technologies, Inc., the administrator for each of the SJK Funds, Bennett Thrasher, the SJK Funds' auditor.  The two funds that are Cayman Islands entities also pay fees and expenses to Walkers', their Cayman Islands' counsel, and dms, which provides director and other corporate services.  These fees and expenses have been and will continue to be paid in the ordinary course as expenses of the respective funds.

**C. Activities of the Professionals During the Time Period Covered by this Application**

15.     As mentioned above, with the exception of claims administration, the activities in this receivership are beginning to wind down.  Therefore,  although the Receiver Team continued to administer the assets of the Receiver Estate – including maintenance of and efforts to liquidate the real properties owned by the Receiver Estate – and perform other necessary work, the three-month period covered by this Application was considerably less active than any prior period. While the specific activities of each professional are detailed in the attached exhibits, the activities that required the majority of the professionals' time and attention are summarized below.

16.     *First Distribution to Investors in Offshore Funds.*  The first distribution of investors in the Onshore Funds and much of the work necessary to complete a distribution to investors in the Offshore Funds were completed during the period covered by the prior fee application.  In November 2011, the Receiver Team, working with investors in the Offshore Funds, SS&C, and Cayman counsel to the Offshore Funds, completed the first distribution to investors in the Offshore Funds, pursuant to which $41 million was distributed.

17.     *Tax Analysis and Planning.*  The Receiver Team continued its analysis of the potential tax liabilities, which has been a significant issue given the

way that monies were transferred by and among Kowalewski, SJK and the SOF prior to the Receiver's appointment. The Receiver Team continued to implement its plan for resolving any open tax issues in connection with the filing and approval of the supplemental plan of Distribution (which should occur in April 2012).

18. *ERISA and Other Employee Benefit Issues*. The Receiver Team continued to analyze and resolve issues related to SJK's 401(k) plan, including potential issues arising under the Employee Retirement Income Security Act. Like the tax issues, the Receiver Team anticipates that these issues will be resolved prior to or in connection with the Supplemental Plan of Distribution.

20. *Property Sales*. The Receiver entered into sales contracts and filed his Motion for the Approval of Private Sale of Real Property [ECF No. 161], in connection with the Receiver's proposed sale of: (1) a parcel of real property and house located at 5802 Henson Farms, Summerfield, North Carolina, 27358; and (2) a parcel of real property and house located at 5203 Southwind Road, Greensboro, North Carolina 27455. The Court granted the Receiver's motion on February 15, 2012 [ECF No. 163] and the Receiver has since closed both sales.

19. *Redemptions from Third Party Funds*. Effective December 31, 2011, the Receiver redeemed the SJK Funds' remaining interests in third party funds. Two of these redemptions – the Offshore LSEF's redemption from the Artis

Partners 2X Ltd fund and the Onshore LSEF's redemption from the Artis Partners 2X LP fun – involved unexpected and unique circumstances that required a significant amount of the Receiver Team's attention.

20.     *Negotiation of Disputed Claims.*  During the period covered by this Application, the Receiver Team began the process of negotiating with claimants, including former SJK employees, who filed claims against the Receiver Estate in an effort to reduce the potential liability of the Receiver Estate.

21.     In addition to the foregoing activities, the Receiver Team also continued the general administration of the Receiver Estate.  All of these activities are set forth in detail in the invoices attached to this application.

22.     The amount of the fees and expenses sought in this Application is reasonable in light of the amount involved in the receivership, the complexity of the issues addressed by the Receiver Team, and the progress made by the Receiver Team during the applicable time period.

23.     The Receiver requests that the Court authorize the payment of all fees and expenses incurred as set forth in Paragraph 11, above (and more fully described in the attached redacted statements).  The reasonableness of the amounts sought by this application is demonstrated by the amount and type of work performed by the Receiver Team, the complexity of the issues, and the progress

that was made by the Receiver Team during the applicable time period. All fees and expenses will be paid from the Receiver Estate. A proposed Order granting the relief requested is attached as Exhibit E hereto.

24.     Pursuant to Section XVI of the February 2, 2011 Receivership Order, prior to the filing of this application, counsel for the Receiver consulted with the SEC and counsel for Kowalewski by providing them with a copy of this application.

WHEREFORE, S. Gregory Hays, Receiver, respectfully requests that the Court review and approve the fees for professional services rendered and costs advanced by the Receiver; Hays Financial Consulting, LLC; and Troutman Sanders LLP for the time period from November 1, 2011 through January 31, 2012, and authorize payment of such approved fees and expenses as requested herein.

This 4th day of May, 2012.

<div style="margin-left: 50%">

/s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125
david.dantzler@troutmansanders.com
Thomas B. Bosch
Georgia Bar No. 068740
tom.bosch@troutmansanders.com
Natalie D. Sacha
Georgia Bar No. 558276
natalie.sacha@troutmansanders.com

</div>

**TROUTMAN SANDERS LLP**
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000 (phone)
(404) 885-3900 (fax)

*Attorneys for S. Gregory Hays, Receiver*

## CERTIFICATE OF COMPLIANCE OF LOCAL RULE 7.1D

I hereby certify that the foregoing has been prepared in a Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1B.

/s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **FOURTH APPLICATION OF RECEIVER FOR AUTHORITY TO PAY PROFESSIONAL FEES AND TO REIMBURSE COSTS** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

A copy of this filing also has been provided by electronic mail to all investors in the SJK Funds and the SOF.

This 4th day of May, 2012.

/s/ *J. David Dantzler, Jr.*
J. David Dantzler, Jr.
Georgia Bar No. 205125